THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Back Swamp
 Community Association, Patricia C. Norwood and Ray Norwood, Jr., William K.
 Strawn, William E. Stokes, Danny L. Lewis, Sr., Marcus R. Hudson, Brian
 Bagwell, Harry F. Lyles, Jr., and Dr. Avie J. Rainwater, Appellants,
v.
South Carolina
 Department of Health and Environmental Control and Haselden Turkey Farm, Respondents.
 
 
 

Appeal From Administrative Law Court
 Ralph K. Anderson, III, Administrative Law
 Court Judge

Unpublished Opinion No. 2011-UP-401 
Submitted June 1, 2011  Filed August 22,
 2011 

AFFIRMED

 
 
 
Robert Guild, of Columbia, for Appellants.
Stephen Philip Hightower, of Columbia, for Respondent South Carolina
 Department of Health and Environmental Control.
W. Thomas Lavender, Jr., of Columbia, for Respondent Haselden
 Turkey Farm.
 
 
 

PER CURIAM: Back
 Swamp Community Association (Back Swamp) appeals the Administrative Law Court's
 (ALC's) affirmance of the South Carolina Department of Health and Environmental
 Control's (DHEC's) issuance of a permit to Haselden Farms.  It contends (1) DHEC
 did not properly follow the permitting process and (2) the issuance of the
 permit was not supported by the greater weight of the evidence.  We affirm.[1]
1.  Bret Caswell, a DHEC official
 responsible for reviewing the Haselden application, testified that all
 procedures were followed with respect to the permitting process.  The site was preliminarily
 inspected and approved by the DHEC Groundwater Division.  All public notice requirements
 were provided and opponents of the permit were given the opportunity to comment
 either in writing or at a public meeting.  The appellate court may not substitute its judgment for the
 judgment of the agency as to the weight of the evidence on questions of fact
 and will only reverse or modify the decision if the decision is clearly
 erroneous in view of the reliable, probative, and substantial evidence in the
 whole record.  S.C. Code Ann. § 1-23-380(5) (Supp. 2010).  Therefore, we affirm the ALC's determination that DHEC
 properly conducted the application process.
2.  Back Swamp, consisting of
 neighboring landowners, opposed the issuance of the permit.  At trial, its
 members testified as to how the operation of the turkey farm would negatively
 impact the environment and their health.  They also presented the expert
 testimony of Dr. Barry Ryan, who opined that DHEC should not have issued the
 permit as is, but should have required additional setbacks or other measures to
 further limit the impact of the turkey farm on the surrounding community.  
The record shows after reviewing a medical evaluation
 packet, Dr. Lena Bretous, a medical epidemiologist employed by DHEC, indicated
 the site would be appropriate as proposed.  State Epidemiologist, Dr. Jerry Gibson,
 supported Dr. Bretous's evaluation.  Steven Smutz, a civil engineer with DHEC
 in the modeling section of the Bureau of Air, reviewed the Haselden application
 and testified the majority of emissions generated from a turkey farm are not
 regulated under state or federal standards.[2] 
 William McMeekin, a state-licensed engineer and former state employee,
 testified he performed soil borings at the proposed animal burial site on the
 property and augered seven feet deep without finding water or soil discoloration,
 which would indicate the seasonal high of the water table in that area.  Dr.
 Ryan testified that if the borings were accurate, the buffer of two feet
 between the bottom of the burial pit and the water table should be sufficient
 to prevent groundwater contamination.  
DHEC permit reviewers are to act on permits to
 "prevent, so far as reasonably possible considering relevant standards
 under state and federal laws, an increase in pollution of the waters and air of
 the State from any new or enlarged sources."  24A S.C. Code Ann. Regs. §
 61-43.200.70(E) (Supp. 2010).  Accordingly,
 we affirm the ALC's order upholding DHEC's issuance of the permit to Haselden
 Farms.
AFFIRMED.
SHORT, KONDUROS, and GEATHERS, JJ., concur. 

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.  
[2] Hydrogen
 sulfide is a potential emission that is regulated, but both Smutz and Dr. Ryan
 testified the likelihood of hydrogen sulfide being produced in a dry facility
 such as the one proposed was very low.